## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **Rodrigo Breda,**  *Plaintiff*,  v.  **Equifax Information Services, LLC,**  *Defendant*. | Case No:   6:22-cv-1456  **JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Rodrigo Breda**, ("**Mr. Breda**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Equifax Information Services, LLC** ("**Equifax**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Breda against Equifax for violations of the **Fair Credit Reporting Act**, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331 because the cause of action arises under the FCRA, a federal statute.

3. The Defendant is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193 and Fed R. Civ P. 4(k).

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2), because the acts complained of were committed and / or caused by the Defendant within the Middle District of Florida.

## PARTIES

5. **Mr. Breda** is a natural person residing in Sanford, Seminole County, Florida and a *Consumer* as defined by 15 U.S.C. 1681a(c).

6. **Equifax** is a Georgia corporation, with a primary business address of **1550 Peachtree Street NW, Atlanta, GA 30309**.

7. Equifax is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

8. Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Mr. Breda's March 2022 Consumer Disclosure

9. On or about March 11, 2022, Mr. Breda requested a copy of his consumer credit disclosure from Equifax.

10. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Breda's request, Equifax was required to "clearly and accurately" disclose all information in Mr. Breda's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

11. Equifax provided an electronic copy of Mr. Breda's *Consumer Disclosure* ("**Equifax's Disclosure**") to him at his home address in Sanford, Florida.

### Equifax's Disclosure Was Not Complete, Clear, or Accurate

### Missing Original Creditors

12. Despite a requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant amounts of information contained in his credit file.

13. Equifax's Disclosure indicated that Mr. Breda's credit file contained two accounts classified as "Other." **SEE PLAINTIFF'S EXHIBIT A.**

14. Equifax's Disclosure stated: "Other accounts are those that are not already identified as Revolving, Mortgage, or Installment Accounts such as child support obligations or rental agreements." *Id.*

15. The accounts appearing in the "Other" section were reported to Equifax by Verizon Wireless Southeast ("**Verizon**") and Midland Credit Management ("**MCM**").

16. MCM is a *Debt Buyer* – a company whose primary purposes are the purchase and collection of debts which were originally owed to third parties.

17. As MCM does not lend to consumers, it is *never an Original Creditor*.

18. Despite this, when disclosing the MCM tradeline to Mr. Breda, Equifax indicated that the Debt Buyer – MCM – was the *Original Creditor* of the account, omitting entirely any reference to the *Original Creditor.*

19. Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 1681g(a), under the "Account Details" section of the account, Equifax placed a notation, "Contact the creditor or lender if you have any questions about it." *Id.*

20. Equifax thus shifted the burden of disclosure and inquiry away from itself, and onto Mr. Breda.

## Missing Account Numbers

21. Making matters even more confusing for Mr. Breda, Equifax omitted the account numbers relating to the Verizon and MCM tradelines.

22. On information and belief, both data furnishers reported the full account numbers belonging to their accounts to Equifax, and this information was contained

within Equifax's file regarding Mr. Breda at the time he requested his consumer disclosure.

23. When Equifax produces and sells reports regarding Mr. Breda to third parties, the full account numbers and the name of the original creditor are included in its reports.

24. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the content of its files.

25. Having a duty to disclose *all of the information* regarding the accounts in Mr. Breda's file, Equifax breached its duty by failing to provide the account numbers and original creditors' names, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

26. Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

27. Equifax's disclosure contains a section entitled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score."

28. MCM is registered with the Florida Office of Financial Regulation as Consumer Collection Agency.

29. Thus, Equifax should have placed this tradeline under the "Collections" header of Mr. Breda's Disclosure rather than the "Other" header.

30. In addition to the missing account numbers from the "Other Accounts," Equifax disclosed a significant number of accounts reported by other data furnishers without account numbers.

31. Under the heading *Revolving Accounts*, there are three (3) tradelines with no account numbers disclosed whatsoever. **SEE PLAINTIFF'S EXHIBIT B**.

32. Tradelines without an account number under the *Revolving Accounts* heading include:

- Capital One Bank USA NA ("**Capital One**")
- JP Morgan Chase Bank- Card Services ("**JPMCB**")
- Synchrony Bank regarding Banana Republic, which Equifax refers to as "SYNCB/Banana Republic" ("**Banana Republic**")

33. On information and belief, all the aforementioned data furnishers reported full account numbers to Equifax, and this information was contained within Equifax's file on Mr. Breda at the time of her request for his consumer disclosure.

34. Due to widespread systemic problems, Equifax's automated systems omit the *entire* account numbers from revolving accounts reported by data furnishers that have a reported current payment status of "charge off," in addition to many other types of accounts.

35. Equifax knows of this error but, despite such knowledge, has yet to correct it.

36. The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019).

37. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See*, *e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

38. The lack of accurate, full account numbers caused Mr. Breda great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

39. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT C.**

40. Equifax's omission of the original creditor and account numbers greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

41. The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("**CDIA**"), a trade association representing the CRAs, including Equifax, states:

> "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports**. Without the original creditor names, consumers may not know what the accounts represent." (**Emphasis original**.)

**SEE PLAINTIFF'S EXHIBIT D.**

42. The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

43. On information and belief, MCM complied with the *Credit Reporting Resource Guide* and reported the name of the true original creditor of its reported account.

### Prevalence of Equifax's Account Number Errors

44. On information and belief, Equifax's Disclosure to Mr. Breda was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

45. On information and belief, this same template is used virtually *every time* a consumer requests their file from Equifax through www.annualcreditreport.com.

46. On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

47. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

48. Thus, *every* consumer with accounts appearing in the "Other" section of their disclosure who requested their disclosure from Equifax through

www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. Breda.

49. Equifax's error has therefore likely affected thousands of consumers.

50. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. *See*, *e.g.*, *Justin Purdy vs. Equifax Information Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

51. Equifax's knowing and repeated conduct warrants an award of ***punitive damages***.

52. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

53. Mr. Breda has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

54. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Breda deprived him of this right.

55. Mr. Breda has hired the undersigned law firm to represent him in this matter and has assigned to them his right to obtain reimbursement for his reasonable fees and costs.

## COUNT I
## <u>VIOLATIONS OF THE FCRA</u>

56. Mr. Breda adopts and incorporates paragraphs 1 - 55 as if fully stated herein.

57. Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Mr. Breda's request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Breda, a *Consumer*, all of the information in his file at the time of the request. Specifically, Equifax disclosed an account reported by MCM without disclosing the account number or the name of the *Original Creditor* and disclosed four (4) other accounts without account numbers, even though full account numbers were reported by the data furnishers.

58. Equifax knowingly provided inaccurate information in Mr. Breda's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

59. Equifax's failure was a willful failure to fulfill its duty to clearly and accurately disclose to Mr. Breda all of the information in his file at the time of the request pursuant to **15 U.S.C. § 1681g(a)(1).**

**WHEREFORE,** Mr. Breda respectfully requests that the Honorable Court enter judgment against Equifax for:

    a. Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3);

         and,

    d.    Such other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Mr. Breda demands a jury trial on all issues so triable.

Respectfully submitted on August 18, 2022, by:

**SERAPH LEGAL, P. A.**

/s/ *Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

## **ATTACHED EXHIBIT LIST**

A.    Mr. Breda's Equifax Consumer Disclosure, March 11, 2022, Excerpt – *Other Accounts.*
B.    Mr. Breda's Equifax Consumer Disclosure, March 11, 2022, Excerpt, *Revolving Accounts* – Missing Account Numbers
C.    FTC Opinion Letter.
D.    *Credit Reporting Resource Guide*, Original Creditor Name Excerpt.